Elizabeth McCartney v. M. Agnes Berlin et al.

[Filed February 18, 1891.]

**The petition set out at length in the opinion, *held*, to state a cause of action.**

Error to the district court for Douglas county.    Tried below before Doane, J.

*M. V. Gannon*, and *J. T. Moriarty*, for plaintiff in error, cited : 2 Lindley, Partnership, 569, 570; Bates, Partnership, sec. 303 ; *Mapstrick v. Ramge*, 9 Neb., 391 ; *Chesley v. King*, 74 Me., 164 ; *Burke v. Smith*, 37 N. W. Rep., 838 ; *Mogul Ship Co. v. McGregor*, 57 Law Jour. Rep. [Q. B.], 541.

*A. C. Wakeley, contra*, cited : Bliss, Code Pl., sec. 418; *Branham v. San Jose*, 24 Cal., 585; *Hartford Bank v. Green*, 11 Ia., 476 ; *Smith v. Henry Co.*, 15 Id., 385 ; *Griggs v. St. Paul*, 9 Minn., 246 ; *Bush v. Madeira*, 14 B. Mon. [Ky.], 212 ; *Bonnell v. Griswold*, 68 N. Y., 294 ; *Graser v. Stellwagen*, 25 N. Y., 315 ; *Tapley v. Butterfield*, 1 Metc. [Mass.], 515; *Nelson v. Wheelock*, 46 Ill., 25 ; *Patch v. Wheatland*, 8 Allen [Mass.], 102 ; *Harrison v. Sterry*, 5 Cranch [U. S.], 289 ; *Williams v. Barnett*, 10 Kan., 455 ; *Lamb v. Durant*, 12 Mass., 54 ; *Windship v. Bank*, 5 Pet. [U. S.], 561 ; *Deckard v. Case*, 5 Watts [Pa.], 22 ; *Sweetzer v. Mead*, 5 Mich., 107 ; *Anderson v. Tompkins*, 1 Brock. [U. S.], 460 ; Parsons, Part. [2d Ed.], 163, 324 : Jones, Ch. Mort., sec. 46 ; *Thompson v. Spittle*, 102 Mass., 207 ; *Mills v. Barber*, 4 Day [Conn.], 428 ; *Montjoys v. Holden*, Litt. Sel. Cases, 447 ; *Hyde v. Stone* 9 Cow. [N. Y.], 230 ; *Furlong v. Bartlett*, 21 Pick. [Mass.], 401 ; *Wilson v. Reed*, 3 Johns. [N. Y.], 175 ; *Cary v. Williams*, 1 Duer [N. Y.], 667 ; *Chesley v. King*, 74 Me.,

164; *Frazier v. Brown*, 12 O. St., 304; *Phelps v. Nowlen*, 72 N. Y., 45; *McCune v. Gas Co.*, 30 Conn., 521; *Kiff v. Youman*, 86 N. Y., 324; *Walker v. Cronin*, 107 Mass., 565; *Jenkins v. Fowler*, 12 Harris [Pa. St.], 308; *Covanhovan v. Hart*, 21 Pa. St., 501; *Glendon Iron Co. v. Uhler*, 75 Pa. St., 471; *Chatfield v. Wilson*, 28 Vt, 49; *Clinton v. Myers*, 46 N. Y., 511; *Pickard v. Collins*, 23 Barb. [N. Y.], 459; *South Royalton Bank v. Bank*, 27 Vt., 505; *Tarleton v. McGawley*, 1 Peakes [Eng.], Nisi Prius, 270; *Keeble v. Hickeringill*, 11 East [Eng.], 571; *Lumley v. Gye*, 2 El. & Bl. [Eng.], 216; *Gunter v. Astor*, 4 J. B. Moore [Eng.], 12.

COBB, CH. J.

The petition alleged that on the first day of May, 1886, the plaintiff and the defendant, M. Agnes Berlin, entered into copartnership under the name and style of E. F. McCartney & Co., for the purpose of buying and selling ladies' and children's suits, cloaks, mantles, shawls, and such other goods and commodities as belong to that line of trade; that upon said day they commenced the transaction of the said business as such copartnership in the city of Omaha, and continued the said business up to the 11th day of December, 1886, when the same was suspended and broken up as in said petition set forth.

Second—That by the terms of agreement in accordance with which the said copartnership was entered into, it was among other things provided that the profits arising from said business should be equally divided between the said plaintiff and defendant, and further, that the said defendant should pay to the said plaintiff, in addition to her share of the profits aforesaid, a sum equal to 25 per cent of the profits of the said business; provided, however, that the total amount of said percentage should not exceed $1,500 for one year, that being the length of time which

McCartney v. Berlin.

the said copartnership was to continue as provided by the terms of the agreement.

Third—That from the beginning the said business was prosperous and profitable and was gradually becoming established in the confidence of the business public, and the business of said partnership was steadily increasing; that the average monthly sales thereof from the 1st day of May, 1886, to the 11th day of December, 1886, were nearly $3,000, and would have been thereafter, if the business had not been interrupted and broken up, as in said petition thereinafter alleged; that the net profits of said business during said time averaged about $500 per month.

Fourth—That a long time prior to the 11th day of December, 1886, and subsequent thereto, the said M. Agnes Berlin and the defendant A. H. Baker, who is her brother-in-law, fraudulently, wrongfully, maliciously and unlawfully colluded, conspired, and confederated together for the purpose of forcing, compelling, and bull-dozing the plaintiff into quitting her connection with the said copartnership business and to assign, transfer, and convey all her interest as a member of such copartnership in and to the said copartnership business and the stock of goods, fixtures, and property of every kind, and the good-will thereof to the said M. Agnes Berlin, without any consideration therefor, and in the event of a failure thereof to break up and destroy the said copartnership business, to ruin and render entirely valueless the interest of the plaintiff therein and to ruin and destroy the reputation which the plaintiff at that time bore and theretofore had borne in the city of Omaha and elsewhere for good business judgment and strict integrity, to the end that the said M. Agnes Berlin might in some way get the sole and exclusive control, management, and ownership of said business and enjoy all the profits thereof.

Fifth—That in pursuance of said collusion, conspiracy, and confederation, and as part of the plan thereof, the said

Baker, who at that time lived at Grand Island, in this state, came to the said city of Omaha on or about the 10th day of December, 1886, where the said copartnership business was being carried on as aforesaid, and after several conversations and conferences with the said M. Agnes Berlin, acting under the advice and at the suggestion of the said Baker, and in co-operation with him, and in pursuance of the collusion, conspiracy, and confederation aforesaid, on Sunday, the 12th day of December, 1886, or early the next morning, December 13, 1886, executed and delivered to the said Baker a chattel mortgage upon all her interest in the stock of goods, merchandise, and all other commodities, fixtures, books of account, bills receivable, and choses in action belonging to the said copartnership; said chattel mortgage was executed and delivered as aforesaid, without the knowledge of the plaintiff, without her consent, and without any consultation with her relative thereto, and the same was filed for record in the county clerk's office of Douglas county at 9:40 o'clock A. M., on December 13, 1886; that said mortgage was not given to secure any claim or demand against the said copartnership, nor was the same given in good faith for the purpose of securing to said Baker the payment of any sum of money or debt due to him, but for the sole and only purpose of effectuating the object of the conspiracy hereinbefore alleged.

Sixth—That about the 9th day of December, 1886, the said Baker and M. Agnes Berlin procured the Omaha National Bank to endorse and deliver to said Baker, before it was due, a note which the said bank held against said copartnership, the said M. Agnes Berlin having first applied all the funds of the copartnership then on deposit in the said bank to a part payment of said note, thereby making the said Baker a creditor of said firm to the amount of $413, that being the balance of said note remaining unpaid, and to the payment of said balance the said M. Agnes Berlin, without the knowledge or consent

of the plaintiff, executed and delivered to said Baker, in the name of said copartnership, a chattel mortgage upon all the property and effects of said copartnership and gave to said mortgage a preference over the mortgages hereinbefore referred to.

Seventh—That in further pursuance of said collusion, conspiracy, and confederation the said M. Agnes Berlin on or about the 13th day of December, 1886, acting under the advice and at the suggestions of said Baker, in co-operation with him, under the advice of the attorneys of said Baker, without the knowledge or consent of the plaintiff, and without any consultation with her in reference thereto, sent telegrams in the firm name of said copartnership to all the creditors thereof in the city of New York and elsewhere, stating that the said copartnership was in trouble, which statement was untrue, and directing them to wire a statement of their respective claims against said firm to Groff, Montgomery & Jeffrey, a law firm in the city of Omaha, whom the said M. Agnes Berlin and Baker had procured to act as their attorneys. Responsive to such telegrams said creditors sent statements to said Groff, Montgomery & Jeffrey, most of which claims were then not due and would not have been due for a long time thereafter, and none of the creditors to whom said mortgages were given were pressing their claims or insisting on security of any kind therefor, and thereupon the said M. Agnes Berlin, without the knowledge or consent of the plaintiff and without any consultation with her relative thereto, but acting in pursuance of such collusion, conspiracy, and confederation as aforesaid, and under the advice and at the suggestion of the said Baker and his attorneys, executed and delivered a chattel mortgage to each of the said creditors, numbering about twenty-two in all, in the name of the said copartnership upon the stock of goods, merchandise, and all other commodities, together with the fixtures, books of account, bills receivable, and choses in

action belonging to the said copartnership and aggregating in all the sum of $9,490, the same being about $1,000 in excess of what the said copartnership owed the said creditors, which said mortgages were filed for record in the county clerk's office of Douglas county on the said 13th day of December, 1886, in rapid succession, one after the other as fast as they could be filed.

Eighth—That in further pursuance of said collusion, conspiracy, and confederation the said M. Agnes Berlin and said Baker, acting in conjunction with each other, prior to 8 o'clock A. M. of the 13th day of December, 1886, caused the storeroom where the said copartnership business was being conducted to be closed up, the doors thereof to be bolted, fastened, and barred against and wrongfully, forcibly, and unlawfully excluded the plaintiff therefrom, and wrongfully, forcibly, and unlawfully kept the said storeroom closed up, and the doors thereof nailed, fastened and barred against the plaintiff, and the patrons of said business were totally excluded therefrom until the 17th day of December, 1886; the said Baker in the meantime, by himself and one George Mitchell, whom he procured to act as his agent, holding the said stock of goods in his possession in said storeroom, pretending to do so under and by virtue of the chattel mortgages executed and delivered to him as aforesaid, thereby during the said space of time wholly breaking up and suspending the business of the said copartnership. The acts and things so done and performed by defendants were not prompted by motives of good faith or an honest desire to secure to said creditors payment of their respective claims or to further or protect the interests of the said copartnership, but for the sole and only purpose of carrying into effect the object of the conspiracy hereinbefore alleged.

Ninth—That in further pursuance of said collusion, conspiracy, and confederation the said M. Agnes Berlin and H. H. Baker, acting in conjunction with each other,

procured the said creditor's agent to join them in taking and retaining possession of the said copartnership stock of goods, merchandise, etc., under said mortgages, and finally, after breaking up and entirely suspending the business of said partnership for the space of ten weeks, sold the same at public auction long after the proper season for selling the same had passed, which was accordingly done on the 19th day of February, 1887, at which sale the said M. Agnes Berlin, through some third person, as hereinafter stated, bought the said stock of goods at a price not to exceed one-seventh of their then value, to-wit, for the sum of $2,610, their real value being $16,000. By procurement of the said Baker and M. Agnes Berlin some person unknown to plaintiff purchased the said stock of goods at the said sale for the said M. Agnes Berlin, and delivered the same to her, and since the time of said sale she has been carrying on the said business and selling the said goods a part of the time in her own name and a part of the time as agent for some person unknown to the plaintiff and for the mutual benefit of herself and said Baker, by reason of which the creditors of the said copartnership realized only about fifty per cent of their respective claims, and for the balance still due upon said claims, aggregating about $6,000, the plaintiff is liable to suit and judgment by the said several creditors, as one of the members of the said copartnership, and by reason of which the said copartnership business was broken up, the said stock of goods sold at a sacrifice, the interest of the plaintiff therein ruined and rendered valueless, and the plaintiff thrown out of business and her reputation for integrity and good business qualifications seriously injured, to her damage in the sum of ten thousand dollars, for which she asks judgment against said defendants, and for costs of suit.

To the above petition the defendants filed a general demurrer, which demurrer was by the court sustained, and the cause dismissed at the cost of the plaintiff, whereupon

27

the cause was brought to this court on error by the plaintiff.

The sole question presented for the consideration of this court is, whether the district court erred in sustaining the said demurrer. I do not doubt that the petition states a cause of action. It charges the defendants with entering into a conspiracy for the purpose of wrecking and breaking up a valuable mercantile business of which the plaintiff and one of the defendants were the proprietors as copartners, and it charges and sufficiently sets out the consummation of the object of such conspiracy by the execution of chattel mortgages to creditors whose debts were not due, stirring up discontent amongst creditors who were otherwise not inclined to demand their pay, and finally by the procuring of a sale and sacrifice of the entire stock in trade of the partnership at a forced sale in which, as is alleged, the damage, loss, and ruin of the partnership and its interest, and not its advantage or welfare was the end sought and attained by the defendants.

Under the authority of *Mapstrick v. Ramge*, 9 Neb., 391, and *Booker v. Puyear*, 27 Id., 346, an action for such an injury can be maintained. See also the cases cited in the latter case. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.